[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: VALIDITY OF MECHANIC'S LIEN
The applicant herein, the Connecticut Resources and Recovery Authority, (CRRA) has applied to this court to discharge, reduce or substitute a bond for a mechanic's lien placed on property owned by the Authority and located in the town of Shelton. The lien was placed thereon by William R. Archer III, d/b/a Park Trucking Company (Archer) for work performed on behalf of Organic Waste Technologies, Inc. (OWT) a subcontractor of Energy Tactics Inc. (ET). The original contract between CRRA and ET was for the installation of a gas conversion facility at the Shelton landfill site.
The lien was filed by Archer on the Shelton land records on March 28, 1990 and alleges that he rendered services and furnished materials in accordance with a contract between himself and OWT. According to the lien the services and materials were furnished commencing September 8, 1989 and ending on December 29, 1989 in the amount of $41,388.32.
The applicant contends that there is no probable cause to sustain the validity of the lien and that in any event the lien is excessive. It is the further contention of CRRA that the lien was filed more than 90 days after the completion of the work; that Archer failed to give CRRA notice of the lien and, finally; that it has made payment in full to ET, the general contractor, prior to the receipt of any notice or knowledge of the filing of the mechanic's lien. CT Page 763
Section 49-34 (1) of the Connecticut General Statutes reads as follows:
 "A mechanic's lien is not valid unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant; and (2) within the same time or prior to the lodging of the certificate but not later than thirty days after lodging of the certificate, serve a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of notice in section 49-35.
The lienor herein alleges that he last performed work on December 29, 1990 at the behest of ET. For this particular work payment is acknowledged. It should be noted that the contract which formed the basis for this lien was between Archer and OWT and the work thereunder was concluded on December 13, 1990. For this work there is still due the sum of $41,388.32. This lien, Exhibit A and the invoices Exhibits B and C, indicate that the work was performed on behalf of OWT and the above sum was due and owing. The work performed by Archer at the request of ET was done independently of the work performed under his contract with OWT. The lien therefore was filed beyond the ninety days required pursuant to the statute.
Furthermore, the plaintiff CRRA in challenging the validity of the mechanic's lien claims that it made full payment to the general contractor prior to receiving any notice of the lien. The evidence presented at the hearing indicated that invoices were filed with CRRA by ET totaling $684,023.00. Payment was made against there invoices in the amount of $681,023.00 with a holdback of $3000.00. This represents payment in full. The evidence showed that these payments were made in good faith prior to the filing of the mechanic's lien or the receipt of any notice of such lien. It CT Page 764 should be noted that no evidence was submitted to show that CRRA was served with any notice of a mechanic's lien.
Based on all the above the court is of the opinion that the validity of the lien has not been established. CRRA has shown by clear and convincing evidence that the validity of the lien should not be sustained. It is hereby discharged.
THE COURT CURRAN, J.